**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**THOMAS L. FERRELL, #R1662**                                      **PETITIONER**

**VERSUS**                                       **CIVIL ACTION NO. 1:03-CV-760-DMR-JMR**

**DOLAN WALLER; Warden; and**
**MIKE MOORE, Attorney General**                              **RESPONDENTS**

## ORDER DISMISSING PETITION WITH PREJUDICE

BEFORE THE COURT is the Petition of Thomas L. Ferrell, #R1662, seeking a Writ of

Habeas Corpus pursuant to 28 U.S.C. §2254.  And the Court, having carefully considered said

motion, the petition, and the record before it, as well as the applicable case law, is of the opinion

that the grounds sought in the petition are not well taken and the Petition should be dismissed on

all grounds with prejudice.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Petitioner is lawfully in the custody of Charles Abrams, Warden of the Marion-

Walthall County Correctional Facility at Columbia, Mississippi, after having been convicted of

manslaughter in the Circuit Court of Pearl River County, Mississippi.  Ferrell was sentenced on

September 22, 2000, to serve a term of twenty (20) years in the custody of the Mississippi

Department of Corrections.[1]  *See* State Court Clerk's Papers ( C. P.), pp. 97-99.

Petitioner Ferrell, through counsel, appealed the conviction and sentence to the

---

[1]Ferrell was originally convicted of the crime of manslaughter in July 1997 and sentenced
to a term of twenty (20) years, with fifteen (15) years to serve and five (5) years suspended.
However, on appeal, Ferrell's conviction and sentence were reversed and the case remanded for a
new trial based on an improper jury instruction.  *See Ferrell v. State,* 733 So. 2d 788 (Miss.
1999).  This new sentencing date is a result of the retrial and subsequent conviction to
manslaughter.

Mississippi Supreme Court, assigning as error the following:

> A.  The verdict is against the overwhelming weight of the evidence and the failure to grant the motion for a new trial was error.
>
> B.  The trial court's imposition of a harsher sentence following Ferrell's second conviction constitutes a deprivation of due process.

On March 14, 2002, the Mississippi Supreme Court affirmed Ferrell's judgment of conviction and sentence in a written opinion. *See* Exhibit A, *Ferrell v. State,* 810 So. 2d 607 (Miss. 2002) (Cause No. 2000-KA-01716-SCT).[2]

Thereafter, Ferrell, proceeding *pro se*, filed an "Application for Leave to Proceed in the Trial Court" in the Mississippi Supreme Court.  In the original application and in a supplement to that application, Ferrell raised three issue for the court's consideration:

> A.  The petitioner's trial counsel was ineffective under the totality of the circumstances; petitioner was deprived of his right to a fair trial.
>
> B.  Petitioner was denied his 6th and 14th Amendment rights under the United States Constitution and was deprived of the right to effective assistance of counsel and the 14th Amendment right to a fair trial, when trial counsel failed to object to change of venue to an adjoining county where the crime took place because the adjoining county received same pretrial prejudicial new media publicity coverage as county where the crime took place, thereby denying petitioner the right to a fair trial by an impartial jury under Due Process of the Mississippi Constitution and the United States Constitution.
>
> C.  Petitioner was denied the right to effective assistance of counsel on appeal when appellate counsel failed to raise viable issues on appeal that would have clearly resulted in a reversal order, or an order for a new trial.

---

[2]References to exhibits are to those of record filed with the Respondents' Answer unless otherwise indicated.  *See* Doc. No. 8.

On July 1, 2003, the Mississippi Supreme Court denied Ferrell's application, finding as follows:

> Ferrell alleges that he received ineffective assistance of counsel. After due consideration of the pleadings and the record the panel finds that Ferrell's allegations of ineffective assistance of counsel do not meet the standard of *Strickland v. Washington,* 466 U.S. 668 (1984), and this issue is without merit.

*See* Exhibit B (Cause No. 2002-—01262).

## II. LEGAL ANALYSIS

In reviewing Thomas Ferrell's petition filed in this cause and the Answer of the Respondents, this Court agrees that Ferrell has exhausted his state court remedies as to the issues raised in the instant petition and that any further return to the state court on these issues would be futile.

Specifically, Petitioner Ferrell's claims in Grounds One, Two and Three were raised in his motion for post-conviction relief to the Mississippi Supreme Court and denied on the merits. Moreover, Ferrell's claims in Grounds Four and Five were raised in Ferrell's direct appeal of his conviction and sentence and found to be without merit. As a result, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[3], and because these issues were decided on the merits, this Court agrees with Respondents that habeas relief cannot be granted with respect to Ferrell's claims in Grounds One, Two, Three, Four and Five of the instant petition. *See* 28 U.S.C. § 2254(d) and § 2254(e)(1).  28 U.S.C. § 2254(d) provides:

---

[3]As Respondents submit, the scope of review on habeas corpus issues is controlled by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996,  Pub. L. 104-132, 110 Stat. 1214; said Act amended the Federal habeas corpus statutes and thus the manner in which federal courts can review claims by persons under state court convictions and sentences.

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Subsection (d)(1) applies to mixed questions of law and fact. *Drinkard v. Johnson,* 97 F.3d 751, 767-68 (5th Cir. 1996). Subsection (d)(2) permits federal court relief only if the state court adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence. *Lockhart v. Johnson,* 104 F.3d 54, 57 (5th Cir. 1997). Petitioner's claims involve mixed questions of law and fact. Therefore, subsection (1) of §2254(d) governs the claims and dictates that a federal court cannot grant habeas relief unto the petitioner unless it determines "that the state court's decision involved an unreasonable application of the law to the facts." *Moore v. Johnson,* 101 F.3d 1069, 1075-76 (5th Cir. 1996) (citing *Drinkard,* 97 F.3d at 767-68).

In *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (U.S. 2000), the United States Supreme Court recently concluded that § 2254(d)(1) "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Id*. at 1523. In interpreting the clause "contrary to," the Court declared as follows:

> Under the 'contrary to' clause, a federal habeas court may grant the

> writ if the state court arrives at a conclusion opposite to that
> reached by this Court on a question of law or if the state court
> decides a case differently than this Court has on a set of materially
> indistinguishable facts.

*Id*.  In construing the "unreasonable application" clause, the Court stated:

> Under the 'unreasonable application' clause, a federal habeas court
> may grant the writ if the state court identifies the correct governing
> legal principle from this Court's decisions but unreasonably applies
> that principle to the facts of the prisoner's case.

*Id*.  In other words, "a federal court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."  *Williams v. Taylor*, 120 S.Ct. at 1521 (emphasis added).  The *Williams* Court pointed out that an unreasonable application of federal law is different from an incorrect application of federal law, and that Congress was careful to use the word "unreasonable" rather than "erroneous" or "incorrect."  *Id.* at 1522.  Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id*.  *See also Ramdass v. Angelone,* 530 U.S. 156, 120 S.Ct. 2113, 2119-20, 147 L.Ed.2d 125 (2000)*; Hill v. Johnson*, 210 F.3d 381 (5th Cir. 2000) (discussing the principles of *Williams*, *supra*).  Furthermore, findings of fact made by the state court are presumed correct, and Ferrell, as the petitioner, has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1).

In Grounds One through Three, Ferrell makes allegations of ineffective assistance of counsel, challenging the performance of both his trial and appellate counsel.  These claims

were presented to the Mississippi Supreme Court in Ferrell's motion for post-conviction relief,

and the court determined that Ferrell's allegations of ineffective assistance of counsel did not

meet the standard of *Strickland v. Washington,* 466 U.S. 668 (1984). *See* Exhibit B.    The

Respondents submit in their Answer that Ferrell's claims of ineffective assistance of trial

counsel in Grounds One, Two and Three are without merit, and the state court decision holding

such is correct.

This Court agrees that the Petitioner has failed to satisfy with competent evidence the

stringent standard for claims of ineffective assistance of counsel set forth in *Strickland v.*

*Washington,* 466 U.S. 668 (1984), in the record before the Court. *Strickland* requires a

showing of both deficiency on the part of counsel, *i.e.* that counsel's conduct fell below a

standard of objective reasonableness, and a resulting prejudice to the outcome of the trial.

Under the deficiency prong of the *Strickland* test, a petitioner must show that counsel made

errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth

Amendment; counsel's errors must be shown to be "so serious as to deprive the defendant of a

fair trial, a trial whose result is reliable." *Strickland,* 466 U.S. at 687; *see also Bridge v.*

*Lynaugh,* 838 F.2d 770, 773 (5th Cir. 1988). The *Strickland* standard applies to claims of

ineffective assistance of counsel by both trial and appellate counsel. *See Styron v. Johnson,* 262

F.3d 438, 450 (5th Cir. 2001) (citing *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *United States*

*v. Merida,* 985 F.2d 198, 202 (5th Cir.1993)).

A petitioner shoulders a heavy burden to overcome a presumption of strategically

motivated counsel conduct and to refute the premise that "an attorney's actions are strongly

presumed to have fallen within the wide range of reasonable professional assistance." *Messer v.*

*Kemp,* 760 F.2d 1080, 1090 (11th Cir. 1985).  The proper measure of performance by an attorney

is reasonableness under prevailing professional norms.  *Strickland,* 466 U.S. at 690; *see also*

*Russell v. Lynaugh,* 892 F.2d 1205, 1213 (5th Cir. 1989).

In Ground One, Ferrell claims that his appellate counsel was ineffective for failing to

raise "viable issues" on appeal.  According to Ferrell, appellate counsel, who was also counsel

for Ferrell at trial, should have presented to the court for review the allegations of ineffective

assistance of counsel raised in his state court pleadings and in the instant habeas petition. Yet,

had appellate counsel raised the issues of ineffective assistance of trial counsel Ferrell claims

he should have presented to the court, counsel would have been asking the court to find

himself ineffective, *i.e.*, raising allegations challenging his own performance at trial.  Ferrell's

allegations are assertions without a basis on this issue.

Further, the state court reviewed Ferrell's allegations of ineffective assistance of trial

counsel and found them to be without merit; therefore, appellate counsel could not be

ineffective for failing to raise "meritless" issues. *See Mayabb v. Johnson,* 168 F. 3d 863, 869

(5th Cir. 1999) (Further, because there was no error at trial, by extension, there is no error at

the appellate level for failure to assert such an error and resulting prejudice).

Finally, Ferrell cannot show any prejudice, as he was allowed the opportunity to present

his claims of ineffective assistance of counsel to the state's highest court in his motion for post-

conviction relief.  Said court denied relief on the grounds that Ferrell now asserts counsel

should have raised.  Accordingly, Ferrell is unable to prove that but for counsel's actions, the

outcome of the appeal would have been different or that he would have prevailed on appeal.

*Briseno v. Cockrell,* 274 F.3d 204, 207 (5th Cir. 2001) (citing *Smith v. Robbins,* 528 U.S. 259,

120 S.Ct. 746, 764 145 L.Ed.2d 756 (2000)).

In Ground Two, Ferrell argues that trial counsel was ineffective for failing to object to a change of venue to an adjoining county. Ferrell was originally scheduled for trial in Pearl River County, Mississippi. The record reflects that counsel filed a motion for change of venue, attaching the proper affidavits and supporting documents. See Clerk's Papers (C.P.), pp. 10-18. This trial court granted Ferrell's motion, and venue of the case was transferred to Lamar County. C.P., p. 21. Ferrell contends that this transfer to a neighboring county was not sufficient, and counsel should have objected to a trial in Lamar County.

Firstly, this argument presupposes that counsel could have prevented the change of venue to Lamar County. Under state law, had counsel lodged an objection to the new venue chosen, in all likelihood, counsel might not have prevailed. *See, e.g., Russell v. State,* 849 So. 2d 95, 135 (Miss. 1993).

Further, the record reflects that during voir dire, the trial judge questioned the jury panel to determine whether any of them had heard something about this case or think that they might know the facts of this case. Not one of the jurors, all of whom were under oath, indicated that they had any knowledge of the case. *See* State Court Record (S.C.R.), p. 5. Accordingly, Ferrell cannot prove for the record that he was prejudiced in any manner in being tried by a panel of jurors in Lamar County, when none of the jurors actually chosen had any knowledge of the facts of this case and there is no evidence that the jurors chosen and seated were anything but impartial. To prove prejudice, the petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Lockhart v. Fretwell*, 506 U.S. 364, 369

8

(1993); *Vuong v. Scott*, 62 F.3d 673, 685, (5th Cir.), *cert. denied,* 516 U.S. 1005, 116 S.Ct. 557,

133 L.Ed.2d 458 (1995).  To meet the prejudice prong, the petitioner must affirmatively prove,

and not merely allege, prejudice.  *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.), *cert.*

*denied*, 476 U.S. 1143 (1986).  Ferrell has not shown "but for" counsel's alleged errors the

proceedings would have been different.  Accordingly, Ferrell has not demonstrated the requisite

proof to meet the prejudice prong of the *Strickland* standard, and this Court is of the opinion that

the Mississippi Supreme Court was correct in determining there was no merit to this claim of

ineffective assistance of counsel.

   In Ground Three, Ferrell argues that under the "totality" of the circumstances, counsel

was ineffective. Ferrell adds in support of this claim that he made counsel  aware of his prior

on-going affair with the sister-in-law of Captain Lossett, one of the investigating officers, and

that counsel did nothing with this information. Ferrell argues that "Captain Wesley Lossett was

biased in his interrogation of petitioner as well as in his investigation into the circumstances

surrounding the death of Jonathan Scott Watkins and later as a witness for the State." Brief in

support of Habeas Corpus, p. 30.  Other than a bare allegation that Captain Lossett was

somehow biased against him and an affidavit from his wife to the same effect, Ferrell provides

no credible evidence of any substance to support his claim.  Moreover, Ferrell does not argue

that the investigation would have taken a different turn if Lossett were not involved.  In fact,

there were several police officers involved in the investigation of this case, and the record

reflects that four police officers, not just Lossett, were present at the questioning of petitioner.

Nothing in the record to supports Ferrell's claim that counsel was ineffective for failing to

"take any action" on Ferrell's information.

And, again, Ferrell has failed to prove that he was prejudiced in any manner by counsel's actions.  To prove prejudice, the petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable.  *Lockhart v. Fretwell*, 506 U.S. at 369; *Vuong v. Scott*, 62 F.3d at 685.  To meet the prejudice prong, the petitioner must affirmatively prove, and not merely allege, prejudice.  *Bonvillain v. Blackburn*, 780 F.2d at 1253.  Ferrell has not shown "but for" counsel's alleged errors the proceedings would have been different.  Accordingly, respondents submit Ferrell has not demonstrated the requisite proof to meet the prejudice prong of the *Strickland* standard as to these allegations.

Ferrell also states that he informed his counsel that he was not "Mirandized" until after his statement was videotaped.  The record reflects a evidence to the contrary. Officer Charles Clark read Ferrell his Miranda rights prior to taking him into custody.  S.C.R., p. 102.  Officer Jeff Wheat testified that he "Mirandized" Ferrell prior to conducting an interview with him. S.C.R., p. 149.   After Officer Wheat read him his rights, Ferrell was interviewed and his statement recorded on videotape. S.C.R., p. 150.  Officer Wheat also stated that the videotape reflects a later set of questions posed to Ferrell as to whether he had given his consent to give this statement without counsel. S.C.R., p. 151-52.  Wheat explained that this line of questioning was done to preserve the waiver on videotape since the signing of the waiver prior to the interview was not taped. S.C.R., p. 152.

Petitioner's counsel vigorously cross-examined Officer Jeff Wheat regarding the circumstances surrounding the videotaped statement. S.C.R., pp. 193-196.  Officer Wheat, responding to defense counsel's cross-examination, stated that there were four police officers

present at the time Ferrell gave his statement. S.C.R., p. 194. Wheat testified that Ferrell signed a waiver of his right to have an attorney present and then proceeded to question Ferrell. S.C.R., p. 194. Defense counsel further brought out to the jury that the officers did not tell Ferrell that he was charged with murder until the statement was almost concluded. S.C.R., p. 195. Defense counsel attempted to emphasize, at that point in his questions, that this procedure of questioning Ferrell, then telling him what he was charged with, was somehow unfair. S.C.R., p. 195. The jury was aware of the circumstances under which Ferrell gave his statement, and Ferrell's statements concerning his statement are clearly contrary to the record, and counsel was not ineffective in any manner in handling this matter under the facts of the case.

Finally, Ferrell argues under this "totality" claim that counsel should have requested an instruction to allow the jury to find the killing was accidental. The record reflects that defense counsel submitted Jury Instruction D-4, which instructed the jury to find Ferrell not guilty if the jury determined that Ferrell "without any design or deliberation to cause the death of the decedent had possession of a pistol, and in the heat of passion in a struggle between the defendant and the decedent, the fatal shot was fired accidentally and through misfortune, upon any sudden and sufficient provocation.. . ." C.P., p. 62. This instruction was granted by the court as Jury Instruction Eight (8). C.P., p. 62. Therefore this claims is without merit.

For the reasons discussed above, Ferrell has proved neither that his counsel's performance was deficient nor that he was prejudiced by counsel's actions in any manner under the "totality of the circumstances." Counsel faced a substantial challenge defending Ferrell under the facts of this case where numerous eyewitnesses to the shooting testified that

11

Ferrell yielded a gun and shot the victim.  Moreover, Ferrell's version of the facts was rebutted by the findings of the pathologist.

Further, the record reflects that during the trial, counsel made numerous objections to evidentiary matters, as well as protected Ferrell's rights by challenging the sufficiency of the evidence at the appropriate times in the trial.  The record reflects that Ferrell's trial counsel served as an effective advocate for the client.

Upon a review of the state court's finding as to Grounds One, Two and Three, in light of the evidence in the record, counsel provided effective representation.  Ferrell presents nothing in the instant petition to overcome the deference afforded the state court.  The state court's determination that the issues raised by Ferrell  were without merit did not "result[ ] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  *See* 28 U.S.C. § 2254(d)(1); *see also Gachot v. Stalder,* 298 F.3d at 421 (5th Cir. 2002).

In Ground Four, Ferrell challenges the sufficiency of the evidence to support his conviction and sentence. A challenge to the sufficiency of the evidence can support a claim for habeas relief only if the evidence, when viewed in the light most favorable to the State is such that no reasonable fact finder "could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also Marler v. Blackburn*, 777 F.2d 1007, 1011 (5th Cir. 1985).  This standard of review "preserves the integrity of the trier of fact as the weigher of the evidence."  *Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir. 1983). The *Jackson* standard allows the trier of fact to find the evidence sufficient to support a conviction even if "the facts also support one or more

reasonable hypotheses consistent with the defendant's claim of innocence." *Gilley v. Collins*, 968 F.2d 465, 468 (5th Cir. 1992).

The Mississippi Supreme Court considered Ferrell's challenge to the sufficiency of the evidence, noting that in reviewing such a claim, the court must view the evidence in the light most favorable to the non-moving party.   In arguing sufficiency of the evidence on direct appeal, Ferrell contended that the physical evidence presented at trial proved that the victim was on top of him at the time the fatal shot was fired. *Ferrell,* 810 So. 2d at 610.  The court noted that the jury was instructed on Ferrell's theory of self-defense. *Ferrell,* 810 So. 2d at 611.  However, Ferrell's contention that he killed Watkins was in direct conflict to the testimony of Dr. Hayne, the pathologist, that the gun was no closer than 10 to 12 inches from the victim's body when it was fired. *Id.* at 610.  According to Dr. Hayne, it was "very unlikely that the angle of the path of the bullet could have been made if Watkins had been on top of Ferrell." *Id.*  Further, although two witnesses (Robinson and Ferrell's wife, Jennifer) testified in line with Ferrell's theory that the gun went off when Watkins was on top of him and choking him, "all other witnesses testified that the two men were standing up and that Watkins never choked Ferrell." *Id.* at 611.  "Several witnesses testified that Watkins and Ferrell were 4 to 5 feet apart when the gun was fired." *Id.* at 610.   All witnesses but Robinson testified that Ferrell hit Watkins in the head with a shovel. *Id.* at 611.

The court noted that "Ferrell recklessly fired his gun in his own house even though his child was sleeping nearby and then reloaded.  Watkins did not have a weapon."  *Id.* at 610. Additionally, Ferrell hid the gun under the sofa immediately after the shooting. *Id.*  Further, "Sheriff's Department personnel testified that items in the utility room were moved around and

13

that a [baseball] bat had appeared in the utility room the morning after the shooting." *Id.* at 611.

After reviewing the evidence presented at trial, the jury did not believe the version of the evening's events set forth by Ferrell's witnesses. *Id.* As the court concluded, based on the evidence as discussed above, "reasonable and fair-minded jurors could not have found that Ferrell acted in justifiable self-defense." *Id.*

The determination of the sufficiency of the evidence by a state appellate court is entitled to great deference. *Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir.), *cert. denied* 474 U.S. 855 (1985); *Gibson v. Collins*, 947 F.2d 780 (5th Cir. 1991); *see also Callins v. Collins*, 998 F.2d 269 (5th Cir. 1993) ("where state appellate court has conducted a thorough review of the evidence . . . . it's determination is entitled to great deference."). Ferrell has presented nothing in his habeas petition to overcome the deference afforded the state appellate court's decision on this issue.

Accordingly, Ferrell's claim in Ground Four of the instant petition is also an assertion without a basis and should be dismissed.  Upon this Court's review of the testimony presented at trial taken in the light most favorable to the State (and particularly in light of the State court's findings on review of this issue), Ferrell cannot argue that no reasonable fact finder "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson, supra.*

Finally, in Ground Five, Ferrell takes issue with the sentence imposed at the conclusion of this retrial on the charge of manslaughter after his initial conviction and sentence were reversed and remanded by the appellate court.  Ferrell was originally convicted and sentenced

to twenty (20) years with fifteen (15) years to serve and five (5) suspended.  After Ferrell was retried and again convicted, Ferrell was sentenced to serve a term of twenty (20) years.

The Mississippi Supreme Court reviewed Ferrell's claim on appeal and discussed the issue in some detail. The court found that the sentence imposed was within the statutory guidelines; therefore, said sentence was not cruel and unusual punishment.  The court then addressed Ferrell's claim that the sentence was imposed due to vindictiveness.  The court set forth the test to be applied to such claims, taken from the court's prior decision in *Ross v. State,* 480 So. 2d 1157, 1160-61 (Miss. 1986). This test was adopted by the Mississippi Supreme Court in *Ross* from the United States Supreme Court's decision in *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, (1969), as modified by *Wasman v. United States,* 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424, (1984).

Applying the test taken from *Pearce* and *Wasman*, the court determined that the trial court did not act in a vindictive manner when imposing the harsher sentence on retrial.  As the court noted, the trial court stated on the record his reasons for sentencing Ferrell to twenty (20) years, including the fact that "(1) Ferrell 'did not show up for sentencing on August 21, 2000, and was apprehended in Laredo, Texas, on Friday, August 25, 2000;' and (2) Ferrell 'has not conducted himself in a proper manner, that he has show no remorse or responsibility, [and] has obtained two DUIs while on bond.'" *Ferrell,* 810 So. 2d 607; *see also* S.C.R., pp. 503-506 (Defendant failed to show for sentencing while on bond) and C.P., pp. 136-157 (sentencing hearing).

The court concluded as follows:

Ferrell did not dispute any of the information in the presentence

> report, which included information pertaining to the two DUIs
> and Ferrell's flight to avoid sentencing.  Ferrell contends that the
> trial court retaliated against him because he failed to obtain his
> GED and get alcohol and drug treatment, the two conditions
> contained in the first sentencing order.  Even assuming, arguendo,
> that Ferrell is correct, the trial court had, and clearly stated in the
> record, ample objective, factual evidence of Ferrell's misconduct
> since the first trial to impose the twenty-year sentence.
> Additionally, the trial court noted that Ferrell had shown
> absolutely no remorse for his actions.

*Ferrell,* 810 So. 2d at 612.

The record reflects that the sentence imposed by the trial court did not violate any of Ferrell's constitutional rights.  The sentence of twenty (20) years was within the statutory range imposed by the legislature.  The trial court's reasons for imposing the maximum sentence were clearly stated on the record, and the trial court's considerations in handing down that sentence were not improper.  Furthermore, the state court decision affirming Ferrell's sentence was not contrary to or an unreasonable application of clearly established federal law.  Ferrell is not entitled to habeas relief on his claim in Ground Five.

Ferrell has presented nothing in his habeas petition to overcome the deference afforded the state appellate courts' decisions.  Furthermore, Ferrell has failed to prove that the state court decision affirming his conviction and sentence was contrary to or an unreasonable application of law to the facts. *See Williams v. Taylor, infra.*   Accordingly, Ferrell is not entitled to relief based on the allegations contained in Grounds One, Two, Three, Four and Five of the instant petition as set forth herein.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the relief sought in the Petition of Thomas L. Ferrell, #R1662, seeking a Writ of Habeas Corpus pursuant to 28 U.S.C.

§2254, be and is hereby **DENIED** and the instant Petition is hereby **DISMISSED WITH**

**PREJUDICE.**

  **IT IS FURTHER ORDERED AND ADJUDGED** that as all the rights and liabilities as

to all the parties have been resolved that a Final Judgment be entered in this cause.

  **SO ORDERED AND ADJUDGED** this the  20th  day of September, 2006.


        **/S/  DAN M. RUSSELL, JR.**
        **UNITED STATES DISTRICT JUDGE**